UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM W. DIETER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BANK OF AMERICA, N.A., ET AL. )<br>)<br>Defendants. )<br>) | Case No.: 2:12-cv-01838-GMN-GWF<br><br>**ORDER** |

Before the Court is the Emergency Motion to Remand to State Court *Sua Sponte* (ECF No. 5), filed by Plaintiff Adam W. Dieter. The Court entered a Minute Order GRANTING the Motion (ECF No. 14) and advised the parties that a written order would follow. Thereafter, Defendant Bank of America, N.A. ("Defendant") filed a Motion to Reconsider. (ECF No. 15.) For the reasons stated below, the Court GRANTS Plaintiff's Motion and DENIES Defendant's Motion to Reconsider.

**I.   BACKGROUND**

This case originated in Nevada state court. Plaintiff originally filed the complaint against Defendant Bank of America, N.A. ("Bank of America"). Subsequently, Plaintiff filed its First Amended Complaint against Bank of America and Defendant Elizabeth Maciel ("Ms. Maciel"). (ECF No. 5, at Ex. 31.) Defendant removed this action from state court to this Court on October 24, 2012. (ECF No. 1.) The same day, Plaintiff filed an Emergency Motion to Remand to State Court *Sua Sponte* (ECF No. 5), and Bank of America filed its Answer and Counterclaim/Third-Party Complaint in Interpleader (ECF No. 6).

Defendant asserted jurisdiction based on diversity and on federal question jurisdiction through the interpleader statute, 28 U.S.C. § 1332, 1441(a) and 28 U.S.C. § 1335. (ECF No. 1.)

For the reasons stated within this order, the Court granted Plaintiff's Motion on October 31, 2012 in a Minute Order with Written Order to follow. (ECF No. 14.)  That same day, Defendant filed its Motion to Reconsider. (ECF No. 15.)

## II.     LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

## III.    DISCUSSION

### A.    *Diversity*

Defendant has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, neither party disputes that the amount in controversy requirement is met.  However, Defendant has failed to establish diversity of citizenship between the Plaintiff and all of the

Defendants. Specifically, Plaintiff is a citizen of Nevada and has asserted claims against Bank of America and Elizabeth Maciel. (Pl.'s Mot for Remand 2:45, ECF No. 5; *see also* First Am. Compl., ECF No. 5.) Bank of America is a citizen of North Carolina (its principal place of business) and a citizen of Delaware (its place of incorporation) for the purposes of diversity. However, Ms. Maciel is a citizen of Nevada. Thus, Plaintiff's claims against Ms. Maciel for refusing to comply with the state court TRO destroy complete diversity.

### B.  *Federal Question*

Defendant has also failed to carry its burden of establishing that this Court has federal question jurisdiction over this case. District courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Defendant asserted in its notice of removal that this Court could exercise its jurisdiction under the federal interpleader statute. 28 U.S.C. § 1335. Specifically, district courts have "original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . . if [t]wo or more adverse claimants, *of diverse citizenship* . . . are claiming or may claim to be entitled to such money . . . ." 28 U.S.C. § 1335 (emphasis added). Here, the adverse claimants to the money in this account are Plaintiff and the California Franchise Tax Board ("CFTB"). Defendant correctly asserts that Plaintiff is a citizen of Nevada. However, Defendant incorrectly asserts that the CFTB is a citizen of California for the purposes of diversity. In fact, the CFTB is an agency of the State of California charged with administering California's tax programs. Defendant failed to recognize that state agencies have no citizenship for the purposes of diversity. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381-82 (9th Cir. 1988) (holding that there was no federal interpleader jurisdiction because the claimants were not diverse because one claimant was a California agency). As an agency of California, the CFTB has no citizenship for the purposes

of diversity.  Thus, just as in *Morongo*, there can be no diversity of citizenship between the adverse claimants in this case.  For this reason, there is no federal question jurisdiction under the federal interpleader statute.

### C.   *Defendant's Objections to the Court's Ruling*

The Court has also read and considered the arguments in the Motion to Reconsider (ECF No. 15) filed by Defendant after the Court entered its Minute Order granting Plaintiff's Motion to Remand.  For the reasons discussed above, the Court finds no cause to alter its original ruling to remand this case to the state court.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Emergency Motion to Remand to State Court *Sua Sponte* (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Reconsider (ECF No. 15) is **DENIED**.

The case is hereby remanded to the Eighth Judicial District Court.

**DATED** this 1st day of November, 2012.

_____
Gloria M. Navarro
United States District Judge